UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARNES,

        Petitioner,

v.                                                 CASE NO. 05-CV-74319-DT
                                                   HONORABLE VICTORIA A. ROBERTS

SHERRY BURT,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY, BUT GRANTING IN FORMA PAUPERIS STATUS ON APPEAL

Petitioner Timothy Barnes has appealed the Court's Opinion and Order denying his Application for the Writ of Habeas Corpus. He seeks a certificate of appealability.

**I. Standard of Review**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**II. Discussion**

Petitioner has been convicted of second-degree murder, assault with intent to commit murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm. The convictions stem from the shooting of an occupied house in Detroit, Michigan.

**A. The Right to Confront Witnesses**

The first habeas claim alleges that Petitioner was denied his constitutional rights to a fair trial and to confront witnesses by the trial court's refusal to let him ask a prosecution witness whether the witness knew that Petitioner's accomplice had been convicted of the crimes for which Petitioner was on trial. Petitioner wanted to show that the witness was not credible because he was embellishing his testimony with information that he gained from the accomplice's trial.

The Court determined that Petitioner's right to present a defense was not violated by the limitation placed on his cross examination of the witness. The Court stated that evidence of the accomplice's conviction, even if improperly excluded, would not necessarily have created a reasonable doubt as to Petitioner's guilt and was harmless error. Because the question that Petitioner wanted to ask could have been detrimental to his defense, reasonable jurists would not find the Court's assessment of Petitioner's claim to be debatable or wrong.

**B. The Jury Instructions**

The second habeas claim alleges that the failure to give a special cautionary instruction concerning on accomplice testimony was reversible error and that defense counsel's failure to request the instruction constituted ineffective assistance. The Court found that the claim about

the jury instruction was procedurally defaulted because Petitioner did not request a jury instruction on accomplice testimony, nor object to the instructions as read to the jury.

The Court determined that defense counsel was not ineffective for failing to request a jury instruction on accomplice testimony because the evidence did not support the conclusion that the witness in question (Petitioner's brother) was an accomplice. Reasonable jurists would not debate the correctness of the Court's procedural ruling, nor find that Petitioner had stated a valid claim of the denial of a constitutional right.

### C. The Prosecutor's Conduct

The third habeas claim alleges that the prosecutor violated Petitioner's right to a fair trial by attempting to evoke sympathy for the four-year-old victim. The Court stated that the conduct arguably was improper, but that it was not flagrant misconduct and it did not violate Petitioner's constitutional right to a fair trial. Reasonable jurists would agree, because the alleged misconduct was an isolated incident. Additionally, the evidence against Petitioner was substantial, and the trial court instructed the jurors not to be swayed by sympathy or prejudice.

### D. The Sentence

The fourth and final habeas claim alleges that the sentencing guidelines were improperly calculated. The Court found that the state law claim was not cognizable on habeas review and that the sentence was not based on extensively and materially false information. Reasonable jurists would not find this conclusion debatable or wrong, because the evidence and state law supported the scoring of the guidelines.

## III. Conclusion

For all the reasons given above, the Court DECLINES to grant a certificate of appealability. Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in the District Court. Fed. R. App. P. 24(a)(3).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 15, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 15, 2007.

s/Carol A. Pinegar
Deputy Clerk